Filed 3/22/16  In re Jones CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re<br><br>DARLA RAY JONES,<br><br>on Habeas Corpus. | B262848<br><br>(Los Angeles County<br>Super. Ct. No. BA397754) |

ORIGINAL PROCEEDINGS; petition for writ of habeas corpus, C.H. Rehm, Judge.  Petition denied.

Marilee Marshall & Associates and Marilee Marshall for Petitioner.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi and Tita Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Darla Ray Jones (Jones) filed this petition for habeas corpus claiming ineffective assistance of counsel based on her attorney's conflict of interest. We issued an order to show cause. Having considered the parties' petition, return, and reply, we deny the petition.

## BACKGROUND

On March 4, 2013, a jury convicted Jones of two counts of criminal threats and two counts of assault with a firearm. Her retained defense attorney, Chad Calabria (Calabria), represented her from her arraignment through her trial and conviction.

On April 15, 2013, the prosecutor discovered her office was prosecuting Calabria for felony possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a), and felony forgery in violation of Penal Code section 476. There were no officers in common between the cases against Calabria and the case against Jones. She informed Calabria that he needed to advise the trial court about the pending cases against him and he did so, also on April 15, 2013. The court concluded that the cases pending against Calabria did not have any bearing on Jones's case. Jones asked to discharge Calabria, and the public defender represented Jones until her sentencing on August 27, 2013. Jones received a 13-year sentence.

Jones filed an appeal and a petition for a writ of habeas corpus, and this court affirmed her conviction and denied her petition in an unpublished opinion filed November 24, 2014. (*People v. Jones* (Nov. 24, 2014, B251324, B266936) [nonpub opn.].) We rejected Jones's contention that Calabria rendered ineffective assistance by failing to adequately examine the prosecutor's investigator about the prosecutor's interviews with the victims regarding the date of the crimes.

On April 25, 2014, we had also decided *Harris v. Superior Court* (2014) 225 Cal.App.4th 1129 (*Harris*). We held that Harris was denied effective assistance of counsel at his preliminary hearing, because his counsel "had himself been arrested and was facing pending felony charges by the same prosecuting entity (the Los Angeles County District Attorney) that was prosecuting Harris." (*Id.* at p. 1132.) The deputy who arrested Harris's attorney later arrested Harris, and testified at the preliminary hearing.

2

This created an actual conflict of interest between Harris and his attorney. (*Id.* at pp. 1135, 1141.) Harris moved to set aside the information and the trial court denied the motion. (*Id.* at p. 1132.) We reversed, holding that the actual conflict of interest at the preliminary hearing required dismissal of the information without an affirmative showing of prejudice, as Harris raised the issue in the trial court before he was tried or convicted. (*Id.* at pp. 1145–1146.) We also acknowledged that a "showing of prejudice would be required for *postconviction* relief." (*Id.* at p. 1147; see *People v. Anderson* (2015) 234 Cal.App.4th 1411, 1420–1421.)

On January 15, 2015, the prosecutor informed Jones's appellate counsel in the first appeal that Calabria was being prosecuted by the Los Angeles County District Attorney's Office while he represented Jones (neither Calabria nor the public defender who represented Jones at sentencing had told appellate counsel about the conflict, and there was nothing in the trial file). Jones filed this habeas petition on March 23, 2015, arguing that under *Harris*, *supra*, 225 Cal.App.4th 1129 Calabria's conflict denied her effective assistance of counsel, and we should presume prejudice, even though Calabria's conflict came to light only after her trial and conviction. We have reviewed the briefing following our order to show cause and we reject Jones's argument.

Although our Supreme Court has applied a presumption of prejudice where a conflict arose from an attorney's concurrent representation of adverse clients, "we have never eliminated our general requirement that a defendant demonstrate outcome-determinative prejudice from a violation of his state constitutional right to conflict-free counsel in order to obtain relief." (*People v. Doolin* (2009) 45 Cal.4th 390, 420.) "[A] claim of conflicted representation is one variety of claim that counsel provided ineffective assistance. Hence, to obtain reversal of a criminal verdict, the defendant must demonstrate that (1) counsel labored under an actual conflict of interest that adversely affected counsel's performance, and (2) absent counsel's deficiencies arising from the conflict, it is reasonably probable the result of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009–1010.) Jones must show prejudice.

3

We have already held that no prejudice appears here.  In our opinion in Jones's first appeal and habeas petition, we concluded that a different outcome was not reasonably probable if Calabria had conducted his examination of the investigator differently.  "The combined testimony of the victims and [the investigator] fully informed the jury that the prosecutor interviewed the victims about two months before trial and asked them whether they were sure the crimes occurred on April 28, then sometime later, perhaps just a few weeks before trial, the victims realized that April 28 was the wrong date and informed the prosecutor the crimes really occurred on April 27.  That the victims adhered to the April 28 date during their interviews by the prosecutor was implicit in light of this testimony.  Accordingly, *it is not reasonably probable [Jones] would have obtained a more favorable result if defense counsel had 'asked [the investigator] about [the victims'] response to the prosecutor's questions about the date' during the December 2012 interview.*"  (Italics added.)

We will not presume outcome-determinative prejudice, and Jones has failed to show that prejudice resulted from Calabria's conflict.  In the absence of a showing of prejudice, she is not entitled to relief.

### DISPOSITION

The petition for habeas corpus is denied.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

CHANEY, Acting P. J.

LUI, J.

4